```
SJL LAW, P.C.
Julian G. Senior (SBN: 219098)
  E-mail: Julian@sjllegal.com
Stefanie G. Jo (SBN: 281334)
  E-mail: Stefanie@sjllegal.com
Marcelo Lee (SBN: 271980)
  E-mail: Marcelo@sjllegal.com
841 Apollo Street, Suite 300
El Segundo, CA  90245
Tel. No.: 424.290.0720
Fax No.: 424.290.0721
```

Attorneys for Defendant KIA MOTORS AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DEANNA DANIELIAN, and MARC DANIELIAN, <br><br> Plaintiffs, <br><br> vs. <br><br> KIA MOTORS AMERICA, INC., and DOES ONE through TEN, <br><br> Defendant. | **CASE NO.: 5:19-CV-00659** <br><br> (Removed from Riverside County Superior Court – Case No. RIC1901606) <br><br> **KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER  28 U.S.C. §1441 (FEDERAL QUESTION); DECLARATION OF MARCELO LEE; EXHIBITS 1-2** <br><br> Action Filed:   March 12, 2019 <br> Removal Date: April 11, 2019 <br> Trial Date:        None |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR CENTRAL DISTRICT OF CALIFORNIA:

Defendant Kia Motors America, Inc. ("KMA"), hereby removes this case

- 1 -

from the Superior Court of California, County of Riverside, pursuant to 28 U.S.C. § 1441, based upon federal question jurisdiction under 28 U.S.C. § 1331.

The basis for removal is as follows:

1. On February 19, 2019, plaintiffs DEANNA DANIELIAN and MARC DANIELIAN filed this civil action in the Superior Court of California, County of Riverside, against KMA entitled as follows: <u>Deanna Danielian and Marc Danielian v. Kia Motors America, Inc.</u>, Case No. RIC1901606 alleging causes of action relating to the purchase of a 2017 Kia Optima Hybrid.

2. KMA was served with a copy of plaintiffs' Summons and Complaint on March 12, 2019, through its designated agent for service of process, CT Corporation System. (Declaration of Marcelo Lee ("Lee Decl.") ¶2, Exhibit 1.) It was on that date that KMA received, through service or otherwise, a copy of the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable. (Lee Decl., ¶2.) This removal notice is timely filed as it is filed within 30 days after KMA's receipt of the Complaint.

3. The Complaint alleges that KMA violated, among other allegations, the federal Magnuson Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et. seq. (third and fourth causes of action). (<u>See</u> Complaint, ¶ 20, Lee Decl., ¶2, Exhibit 1.) Thus, this action arises under federal law.

4. The Complaint demands all monies paid or payable for plaintiffs' purchase of a 2017 Kia Optima Hybrid as well as treble damages pursuant to statute. (<u>See</u> Complaint, ¶ 20, Lee Decl., ¶2, Exhibit 1.)

5. KMA field its Answer in state court on April 11, 2019. (Lee Decl., ¶3, Exhibit 2.) No further proceedings have been had in the state court action.

6. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and it is one which may be removed to this Court by

defendant KMA pursuant to 28 U.S.C. § 1441(a) because the third and fourth causes of action arises under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*., and satisfies the necessary amount in controversy under that statute.

7. The Superior Court of the State of California for the County Riverside is located in the Central District of California, Eastern Division. Therefore, venue is proper pursuant to 28 U.S.C. § 84 because this is the "district and division within which such action is pending . . . ." (See 28 U.S.C. § 1446(a).)

8. No previous application has been made for the relief requested herein.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of removal is being served upon counsel for plaintiffs, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Riverside.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. §1331

### A. This Action Arises Under a Federal Statute

10. The Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 as the third and fourth causes of action arises under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*., and satisfies the necessary amount in controversy under that statute.

11. Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." (28 U.S.C. § 1331.) An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

- 3 -

KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (FEDERAL QUESTION); DECLARATION OF MARCELO LEE; EHXIBITS 1-2

12. In the Third Cause of Action, plaintiffs allege "Kia violated the Magnuson-Moss Warranty Act by failing to conform the Vehicle to the express written warranties…" (Lee Decl., Exhibit 1, plaintiffs' Complaint at ¶ 34.) "Pursuant to 15 U.S.C. § 2301(d)(1), Plaintiffs are entitled to the equitable remedies of rescission and restitution and/or damages." (Lee Decl., Exhibit 1, plaintiffs' Complaint at ¶ 36.)

13. In the Fourth Cause of Action, plaintiffs allege "Pursuant to 15 U.S.C. § 2301(7), the breaches by each Defendant of the state-law implied warranties, as set forth above, also constitute breaches of the implied warranties pursuant to the Magnuson-Moss Warranty Act." (Lee Decl., Exhibit 1, plaintiffs' Complaint at ¶ 40.) "Pursuant to 15 U.S.C. § 2301(d)(1), and because of said breaches of implied warranties, Plaintiffs are entitled to the equitable remedies of rescission and restitution and/or damages." (Lee Decl., Exhibit 1, plaintiffs' Complaint at ¶ 41.)

14. This Court has original jurisdiction of plaintiffs' third and fourth causes of action because it "arises under" a federal statute, *i.e.* 15 U.S.C. § 2301 *et seq.*, otherwise known as the Magnuson-Moss Warranty Act.

### B.  The Amount in Controversy Requirement of the Magnuson-Moss Warranty Act is Met

15. 15 U.S.C. § 2310(d)(1)(B) of the Magnuson-Moss Warranty Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States, subject to paragraph (3) of this subsection." Paragraph (3) goes on to state that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit . . . ." 15

- 4 -

KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (FEDERAL QUESTION); DECLARATION OF MARCELO LEE; EHXIBITS 1-2

U.S.C. § 2310(d)(3)(B).

16. Here, the amount-in-controversy exceeds $50,000.00. As set forth in plaintiffs' Complaint, they seek "actual, incidental and consequential damages in the approximate amount of $31,300." (Lee Decl. Exhibit 1, plaintiffs' Complaint at ¶¶ 18, 27, 37, 42, and prayers for relief nos. 3 and 4.) Further, The Complaint alleges and seeks a total recovery of damages in excess of $93,900 plus attorney's fees ($31,300 + $62,600 in civil penalty). (Lee Decl. Exhibit 1, plaintiffs' Complaint at ¶ 20, and prayers for relief no. 5.)

17. Consequently, plaintiff's Complaint seeks well in excess of $50,000.00 in monetary damages and civil penalties, not including other compensatory damages or attorneys' fees. See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount); Brady v. Mercedes-Benz USA, Inc., 243 F. Supp.2d 1004, 1009 (N.D. Cal. 2002) (civil penalties under California Song-Beverly Consumer Warranty Act are included in determining whether amount in controversy for diversity jurisdiction was satisfied as civil penalties under the Act, allowing up to two times the amount of actual damages as well as compensatory damages, are akin to punitive damages). Accordingly, the amount in controversy is satisfied.

## II. THIS COURT HAS SUPPLEMENTAL JURISDICTION

18. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United

- 5 -

KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (FEDERAL QUESTION); DECLARATION OF MARCELO LEE; EHXIBITS 1-2

States Constitution." 28 U.S.C. § 1367(a). The Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts . . . have original jurisdiction'...." City of Chicago v. International College of Surgeons, 522 U.S. 156, 165 (1997). Although one of several claims does not "arise under" federal law, removal is still appropriate if that claim is transactionally related (*i.e.* "supplemental") to at least one substantial federal claim. Zuniga v. Blue Cross & Blue Shield of Michigan, 52 F.3d 1395, 1399 (6th Cir. 1995). A single case exists in the constitutional sense wherever the state and federal claims arise from a "common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." United Mine Workers v. Gibbs (1966) 383 U.S. 715, 725.

19. Here, all of plaintiffs' causes of action arise out of the same nucleus of operative facts, *i.e.* the purchase of a 2017 Kia Optima Hybrid, VIN KNAGT4LC8H5005445, and its alleged warranties. Accordingly, supplemental jurisdiction under 28 U.S.C. § 1367 of plaintiffs' remaining causes of action is appropriate. (See Priebe v. Autobarn, *Ltd.*, 240 F.3d 584 (7th Cir. 2001) (where federal jurisdiction existed under Magnuson-Moss, district court properly exercised supplemental jurisdiction over plaintiffs' remaining causes of action including a state fraudulent business practices claim and a common law fraud claim).)

20. Based upon the foregoing, all requirements for federal question jurisdiction and removal jurisdiction have been met. Defendant KMA therefore requests that this action now pending against it in the Superior Court of California, County of Riverside, be removed to this Court, and that this Court assume complete jurisdiction in this matter.

- 6 -

KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (FEDERAL QUESTION); DECLARATION OF MARCELO LEE; EHXIBITS 1-2

21. On March 19, 2019, KMA's counsel met and conferred with plaintiffs' counsel regarding dismissing the Magnuson-Moss cause of action in plaintiffs' Complaint. (Lee Decl., ¶4.) Plaintiffs did not agree to dismiss this cause of action and agreed to proceed in federal court. (Id.)

22. KMA will promptly notify plaintiffs and the Superior Court of this removal as required by 28 U.S.C. § 1446(d).

DATED: April 11, 2019                              SJL LAW, P.C.

                                                   By: /s/ Marcelo Lee
                                                   Julian G. Senior
                                                   Stefanie G. Jo
                                                   Marcelo Lee
                                                   Attorneys for Defendant
                                                   KIA MOTORS AMERICA, INC.

# DECLARATION OF MARCELO LEE

I, Marcelo Lee, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and the United States District Court for the Central District of California. I am an attorney at SJL Law, P.C., attorneys of record for Kia Motors America, Inc. ("KMA"). This declaration is offered in support of KMA's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. § 1332. I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto. As to those matters stated upon information and belief, I am informed and believe such matters to be true.

2. KMA was served with a copy of plaintiffs' Summons and Complaint on March 12, 2019, through its designated agent for service of process, CT Corporation System. It was on that date that KMA received, through service or otherwise, a copy of the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable. A true and correct copy of plaintiffs' Summons, Civil Case Cover Sheet, Complaint, and the Notice of Service of Process received by KMA is attached hereto as Exhibit 1.

3. KMA filed its Answer in state court on April 11, 2019. A true and correct conformed copy of KMA's state court Answer filed on April 11, 2019 is attached hereto as Exhibit 2.

4. On March 19, 2019, Stefanie Jo at my office met and conferred with plaintiffs' counsel, Ryan Gomez, regarding dismissing the Magnuson-Moss causes of action in plaintiffs' Complaint. Mr. Gomez informed Ms. Jo that plaintiffs would not agree to dismissing the Magnuson-Moss causes of action, and agreed to proceed in federal court.

- 8 -

KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (FEDERAL QUESTION); DECLARATION OF MARCELO LEE; EHXIBITS 1-2

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 11th day of April, 2019 at El Segundo, California.

      /s/ Marcelo Lee
Marcelo Lee
Declarant

KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (FEDERAL QUESTION); DECLARATION OF MARCELO LEE; EHXIBITS 1-2

**PROOF OF SERVICE**
**CCP 1013A(3) (Revised 5/1/88)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **

On April 11, 2019, I served the foregoing document described as **KIA MOTORS AMERICA, INC.'S CIVIL COVER SHEET** on all interested parties in this action by placing ☐☐**the original** X **a true copy** thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

X **BY MAIL (CCP §1013(a) and §2015.5)**

☐ **BY OVERNIGHT DELIVERY (CCP §1013(c) and §2015.5)**

☐ **BY FACSIMILE (CRC 2.306, CCP §2015.5 and CCP §1013(e)):** The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service list and the transmission(s) reported as complete and without error. The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g) and I printed a record of the transmission(s), a copy of which is attached to the original of this declaration.

☐ **BY ELECTRONIC SERVICE (CRC 2.260(b)(c)):** As follows: The document(s) were served electronically and the transmission was reported as complete and without error to each of the parties at the e-mail addresse(s) listed above on April ____, 2019 at _____ a.m./p.m.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under the practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

Executed on April 11, 2019, at El Segundo, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Crystal Munkhbayar
Crystal Munkhbayar

| | |
|---|---|
| 1 | |
| 2 | **SERVICE/MAILING LIST** |
| 3 | **JON P. JACOBS v. KIA MOTORS AMERICA, INC.**<br>**Riverside County Superior Court Case No.: RIC1901606** |
| 4 | |

| | |
|---|---|
| Jon P. Jacobs | Attorneys for Plaintiff |
| Law Offices of Jon P. Jacobs | |
| 5701 Lonetree Blvd., Suite 202 | Jon P. Jacobs |
| Rocklin, CA 95765 | |

PROOF OF SERVICE